E. H. LUIKART, RECEIVER, APPELLEE, V. JOHN STEPHEN ET AL., APPELLANTS.

FILED APRIL 7, 1933. No. 28535.

*J. J. Harrington* and *Ross Amspoker,* for appellants.

*F. C. Radke, I. J. Dunn, Frank Warner* and *Barlow Nye,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ.

GOSS, C. J.

This is the fourth and last case argued in a series of
cases quite similar in general facts and applicable rules
of law, where Citizens Bank of Stuart, when insolvent,
turned over assets to depositors, and the receiver sued
to recover the assets so paid. The bank was turned over
by its officers to the department of trade and commerce
on December 1, 1930.

In this case the evidence shows that on November 28,
1930, the bank transferred to the defendants out of the
assets in its note case one note and real estate mortgage
for $10,000 and another note and real estate mortgage
for $3,280. They were paid for by surrender of a cer-
tificate of deposit dated June 12, 1930, due December 12,
1930, in favor of John Stephen, for $8,700, and interest
thereon amounting to $159.50; and by surrendering an-
other certificate of deposit, dated June 12, 1930, due De-
cember 12, 1930, in favor of Allen Stephen, for $4,250,
and interest thereon amounting to $77.88; and by sur-
rendering a third certificate of deposit, dated June 30,
1930, due December 30, 1930, in favor of Pearl Stephen,
for $2,100, and interest thereon amounting to $34.30.
The difference in favor of defendants was adjusted partly
by payment in cash and partly by credit in checking
account in the bank.

The court found generally for plaintiff, adjudged the
transfers void, and ordered them set aside, but allowed
defendants a claim as general depositors in the sum of
$13,280.

The case is ruled by the principles announced in the
opinion in *Luikart v. Hunt, ante,* p. 642. No further
discussion is needed.

The judgment of the district court is

AFFIRMED.